UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

SHAKOY R. GALE,
Inmate # C10395
(Enter full name of Plaintiff)

AMENDED COMPLAINT

vs.

CASE NO: 4:19cv55-WS-HTC
(To be assigned by Clerk)

Florida Dept. of Corrections;
Secretary, FDOC, Julie Jones;
Food Service Director, FDOC, K.
Garbar; Warden, Wakulla CI
Annex, Jacob Sorey; Bureau

Corizon Medical Services;
Director of Nurses, CMS,
P. Buhler

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)
Chief, FDOC, Angela Gaskins;
Assistant Warden of Operations,
FDOC, R. Terry;

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

FILED USDC FLND TL
SEP 16 '19 PM 2:02

LEGAL MAIL
Provided to
Wakulla CI

SEP 13 2019

FOR MAILING

(1)

### I. PLAINTIFF:

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Shakoy R. Gale
Inmate Number: C10395
Prison or Jail: Wakulla CI Annex
Mailing address: 110 Melaleuca Drive
Crawfordville, Florida
32327

### II. DEFENDANT(S):

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant:

(1) Defendant's name: Florida Dept. of Corrections
    Official position: State Correctional Institutions
    Employed at: Florida Dept. of Corrections
    Mailing address: 501 South Calhoun St
    Tallahassee, FL 32239

(2) Defendant's name: Julie Jones
    Official position: Secretary, FDOC
    Employed at: FL. Dept. of Corrections
    Mailing address: 501 South Calhoun St.
    Tallahassee, FL 32239

(3) Defendant's name: K. Garber
    Official position: Food Service Director, FDOC
    Employed at: Wakulla CI Annex
    Mailing address: 110 Melaleuca Drive
    Crawfordville, Florida 32327

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**
** SEE ATTACHMENT ONE

# ATTACHMENT ONE

## PART II. DEFENDANTS:

(4) Defendant's name: Jacob Sorey
   Official position: Warden
   Employed at: Wakulla CI Annex
   Mailing address: 110 Melaleuca Drive
   Crawfordville, FL 32327

(5) Defendant's name: Angela Gaskins
   Official position: FDOC Approval Bureau Chief
   Employed at: Florida Department of Corrections
   Mailing address: 501 South Calhoun Street
   Tallahassee, Florida 32239

(6) Defendant's name: R. Terry
   Official position: Assistant Warden of Operations
   Employed at: Wakulla CI Annex
   Mailing address: 110 Melaleuca Drive
   Crawfordville, FL 32327

(7) Defendant's name: Corizon Medical Services
   Official position: Privately Contracted Medical Company
   Employed at: Contracted at Wakulla CI Annex
   Mailing address:

(8) Defendant's name: P. Buhler
   Official position: Director of Nurses
   Employed at: Corizon Medical Services
   Mailing address:

III. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

IV. **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )   No(✓)

1. Parties to previous action:
   (a) Plaintiff(s): N/A
   (b) Defendant(s): N/A
2. Name of judge: N/A   Case #: N/A
3. County and judicial circuit: N/A
4. Approximate filing date: N/A
5. If not still pending, date of dismissal: N/A
6. Reason for dismissal: N/A
7. Facts and claims of case: N/A

**(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )   No(✓)

1. Parties to previous action:
   a. Plaintiff(s): N/A
   b. Defendant(s): N/A
2. District and judicial division: N/A
3. Name of judge: N/A   Case #: N/A
4. Approximate filing date: N/A
5. If not still pending, date of dismissal: N/A
6. Reason for dismissal: N/A

7.    Facts and claims of case: __N/A__
__N/A__

**(Attach additional pages as necessary to list other federal court cases.)**

C.    Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(  )        No(✓)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.    Parties to previous action:
    a.    Plaintiff(s): __N/A__
    b.    Defendant(s): __N/A__
2.    District and judicial division: __N/A__
3.    Name of judge: __N/A__    Case #: __N/A__
4.    Approximate filing date: __N/A__
5.    If not still pending, date of dismissal: __N/A__
6.    Reason for dismissal: __N/A__
7.    Facts and claims of case: __N/A__
__N/A__

**(Attach additional pages as necessary to list cases.)**

D.    Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(  )        No(✓)

1.    Parties to previous action:
    a.    Plaintiff(s): __N/A__
    b.    Defendant(s): __N/A__
2.    District and judicial division: __N/A__
3.    Name of judge: __N/A__    Case Docket # __N/A__
4.    Approximate filing date: __N/A__    Dismissal date: __N/A__
5.    Reason for dismissal: __N/A__

6. Facts and claims of case: __N/A__
   __N/A__

(Attach additional pages as necessary to list cases.)

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

On the 17th day of January, 2017, contrary to, in violation of, and in NON-compliance with the rules, regulations, and procedures of Florida Administrative Code, Chapter's 33 & 64 and the Florida Department of Corrections; and with the laws and provisions of Florida Statutes and State and Federal Constitutions (without specifying which specific rules, regulations, procedures, laws, and/or provisions), the following issue occured:

(1) The Plaintiff was subjected to the unnecessary and wanton infliction of pain due to the deliberate indifference to his serious medical condition when the Florida Department of Corrections, in their official capacity, failed to ensure that recipes for menu items were being properly adhered to, as the Plaintiff, who is lethally allergic to peanut butter, was served pudding which contained peanut butter, and no warning of said recipe infraction was posted. Peanut butter is not an approved additive to said pudding menu item. The Plaintiff's medical file with the Florida Dept. of Corrections contains the allergy warning and the Plaintiff wears an allergy warning medallion.

(2) Julie Jones, as the Secretary of the Florida Department of Corrections is responsible for ensuring that all rules, regulations, and procedures are adhered to by all of her subordinates, which includes the Food Service Standards that all Food Service Directors are to abide to. It is Julie Jones who enforces said standards to establish specific standards of operation for food service programs and to serve as a reference for the efficient operation of food service in all Department Facilities.

(3) K. Garber (first full name unknown), the Food Service Director at the time of the incident for FDOC at Wakulla CI Annex, was the food service staff member in charge of food service operations at the Facility under the direct supervision of the Assistant Warden of Operations. Ms. Garber failed to ensure that the pudding served to the prison population was properly prepared according to the set standards governing said recipe, thereby allowing the pudding to be served containing peanut butter.

(4) Jacob Soray, the Warden at the time of the incident for FDOC at Wakulla CI Annex, was responsible for all staff members at Wakulla CI Annex and their individual responsibilities in keeping to the rules, regulations, and procedures governing their individual positions at Wakulla CI Annex. Warden Soray failed to ensure that the menu was being properly adhered to at his institution. Had a proper inspection of that days sample tray been performed, the errored pudding would have been prevented.

\* SEE ATTACHMENT TWO

(7)

# ATTACHMENT TWO

## PART V. STATEMENT OF FACTS:

(5) Angela Gaskins, the FDOC Approval Bureau Chief is responsible for approving the menu that is utilized by all Food Service Directors at all FDOC Institutions. It is Ms. Gaskins who signs off on all matters which concerns the menu, and this includes the recipes that are suppose to be followed exactly as they are posted for preparation. In signing off, Ms. Gaskins is stating that the menu is approved for use as posted, and that the menu is to not be altered without prior approval. As the Bureau Chief, Ms. Gaskins is responsible for reviewing the menu and ensuring its strict adherence. As to the Food Service Director's adherence to said menu at Wakulla CI Annex, Ms. Gaskins failed to enforce her stamp of approval.

(6) R. Tarry (first name unknown), the Assistant Warden of Operations at the time of the incident for FDOC at Wakulla CI Annex, held the specific Facility administrative position that had complete responsibility and oversight of the food service operation. It was his duty to supervise all food service staff in making sure that errors such as the instant claim does not occur. Mr. Tarry was responsible for the proper use of FDOC Form DC2-404 "Master Menu Production Log", which contained the recipes for all menu items. When this log is coupled with the sample tray, this unfortunate issue should not have happened. Mr. Tarry failed to properly supervise the food service department.

(8)

# ATTACHMENT TWO CONTINUED

(7) On January 17th, 2017, all Defendant's failed to ensure that the menu was properly followed, and as a direct result, the Plaintiff suffered from a severe allergic reaction caused by peanut butter that had been added to the pudding.

(8) The Plaintiff went into anaphylactic shock, which caused his esophagus to swell and close. In turn, the Plaintiff could not breath and subsequently passed out. The medical department, an out-sourced medical company called Corizon, was alerted by security personnel.

(9) Upon the arrival of medical staff, the nurse who initially responded discovered that the trauma kit did not have the needed epinephrine to counter the allergic reaction, which has at this point completely incapacitated the Plaintiff.

(10) The Plaintiff was subjected to the unnecessary and wanton infliction of pain due to the deliberate indifference to his serious medical condition when Corizon Medical Services, in their official capacity, failed to require that the trauma kit contained the life-saving epinephrine that a medically recorded inmate needed. Corizon had prior knowledge of the Plaintiff's allergy to peanut butter, yet failed to ensure that proper medical attention would be made available in case of emergency. The Plaintiff was forced to continue his suffering as medical staff and security rushed him to the medical building.

(9)

# ATTACHMENT TWO CONTINUED

(11) Upon arriving at the medical building, which is located on the other end of the compound from where the incident occurred, the Plaintiff was finally injected with epinephrine. However, the nurse at the medical building administered the wrong dosage, and all of the clinical signs of an allergic reaction continued to plague the Plaintiff.

(12) P. Buhler, the Director of Nurses at the time of the incident for Corizon Medical Services at Wakulla CI Annex, was the nurse who had injected the wrong dosage of epinephrine. Ms. Buhler only injected 0.1mg of epinephrine, instead of the normal 0.3 mg dosage needed to overcome the symptoms related to an allergic reaction. Specifically due to peanut butter. Ms. Buhler, as the DON, was responsible for ensuring that the epinephrine is always stocked inside the trauma kit, and was responsible for knowing that the proper dosage of epinephrine is 0.3 mg.

(13) Due to the deliberate indifference of P. Buhler, the Plaintiff was required to transfer to an outside hospital for proper care.

(14) Wakulla Fire and Rescue Emergency Medical Technician had to perform an emergency tracheotomy due to respiratory distress, tachycardia, angioedema, and other major clinical signs of severe allergic reaction. The Plaintiff is now permanently disfigured from the tracheotomy.

(10)

# ATTACHMENT TWO CONTINUED

(15) Upon arriving at Tallahassee Memorial Hospital, the Plaintiff's abnormal vital signs concerning blood pressure, respiratory rate, and heart rate continued to cause concerns. When the breathing tube was removed from the Plaintiff's esophagus, his vocal cords were strained and his nasal cavity was affected. Both issues continue to plague the Plaintiff, and both issues could have been avoided if proper care would have been administered at the prison by Corizon Medical Services employees.

(16) The Plaintiff remained at Tallahassee Memorial Hospital for eight (8) days before being released back to prison with strict aftercare instructions. Corizon Medical Services and it's medical employees were less than helpful with said aftercare, and the Plaintiff continues with ongoing issues that are associated with the incident at hand.

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

SEE ATTACHMENT THREE

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Plaintiff seeks a Jury Trial to properly determine any and all compensatory and punitive damages; all prior, current, and future relevantly associated medical bills/medications paid in full; receipt of proper medical care; discontinuation of peanut butter in recipes that don't call for peanut butter; and no retaliation.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

9/13/19
(Date)

_____
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on:
the 13 day of September, 2019.

_____
(Signature of Plaintiff)

Revised 03/07

LEGAL MAIL
Provided to
Wakulla C.
SEP 13 2019
FOR MAILING

# ATTACHMENT THREE

## PART VI. STATEMENT OF CLAIMS

(1) The Plaintiff asserts that his United States Constitutional right for due care under the Eighth Amendment was violated, as the Defendant's had actual knowledge of his serious medical condition, his need for medical care and treatment, yet did not respond reasonably to the risks associated to said condition. The risk alone concerning the Plaintiff's severe allergy to peanut butter supports actual knowledge, and said risk constituted the need to not only be knowledgable regarding what to do in case of emergency, but it also constituted having supplies readily available.

Furthermore, deliberate indifference exists in so much as the Defendant's had actual knowledge that there were deficiencies in the medical care system that created the risk of the kind of harm that happened to the Plaintiff. The Defendant's violated published professional standards of care and the prison's own procedures for medical care by not having the epinephrine readily available and stocked within the trauma kit, and by not being properly trained as to dosage amounts. Also, knowledge that even one (1) inmate has an allergy to peanut butter is enough for Food service to exercise caution at the least, and at the most, should have caused Food service to simply keep to proper procedures by not altering recipes. ESTELLE v GAMBLE, 429 U.S. 97, 104, 97 S. Ct. 285 (1976); CUOCO v MORITSUGU, 222 F.3d 99, 106-07 (2d Cir. 2000)

(13)

# ATTACHMENT THREE CONTINUED

(2) The Deliberate Indifference Standard is met by the Plaintiff, as there was a delay of access to the needed treatment, and the seriousness and urgency of the medical need required timeliness; there was a denial of access to medical personnel qualified to exercise judgment about a particular medical problem, such as dosage amount; there were systemic deficiencies with both food service and medical care procedures that made suffering inevitable; and there was an absolute disregard to the Plaintiff's peanut butter allergy in spite of all Defendant's having prior knowledge, whether direct or indirect. <u>Todaro v Ward</u>, 565 F.2d 48 (2d Cir. 1977)

(3) The Plaintiff asserts that his United States Constitutional right for due process, due care, and basic rights under the Fifth and Fourteenth Amendments, and that his Florida Constitutional right for due process, due care, and basic rights under Article I, Sections 2 and 9 were violated by Corizon Medical Services, in their official capacity, and by P. Buhler, in her official and individual capacity, for their deliberate indifference to the Plaintiff's serious medical condition and needs.

(4) The Plaintiff asserts that his United States Constitutional right for due process, due care, and basic rights under the Fifth, Eighth, and Fourteenth Amendments; his Florida Constitutional right for due process, due care, and basic rights under Article I, Sections 2 and 9; State/Federal Statutes $381.0072

(14)

# ATTACHMENT THREE CONTINUED

and § 944.09; Florida Administrative Code, Chapter 33-204.002, 33-204.003, 33-602.223, and Chapter 64E-11; Florida Department of Corrections Procedures 401.009 and 204.004; and numerous ACA/CAC Standards were all violated by the Florida Department of Corrections; Julie Jones, FDOC Secretary; and Angela Gaskins, Bureau Chief, FDOC in their official capacities, and were all violated by K. Garber, Food Service Director, FDOC at Wakulla CI Annex; Jacob Soray, Warden, FDOC at Wakulla CI Annex; and R. Terry, Assistant Warden of Operations, FDOC at Wakulla CI Annex in their official and individual capacities, for their deliberate indifference to the Plaintiff's serious medical condition and needs.

(s) The Plaintiff's serious medical condition and need was and is "a condition of urgency, one that may produce death, degeneration, and/or extreme pain." HATHWAY v COUGHLIN, 37 F.3d 63, 66 (2d Cir. 1994); NANCE v KELLY, 912 F.2d 605, 607 (2d Cir. 1990) The Eighth Amendment forbids not only deprivations of medical care that produce physical torture and lingering death, but also less serious denials which cause or perpetuate pain. BROCK v WRIGHT, 315 F.3d 158, 162 (2d Cir. 2003)

Shakey Gale #C10395
Wakulla CI Annex
110 Melaleuca Drive
Crawfordville, FL 32327

MAILED FROM
A STATE
CORRECTIONAL
INSTITUTION

Hasler
09/13/2019
US POSTAGE




U.S. District Court of Florida
    Northern District
U.S. Courthouse Annex
111 North Adams St. *3rd FL
Tallahassee, FL 32301

3230137730 C001

LEGAL MAIL
Provided to
Wakulla C. SS
SEP 13 2019
FOR MAILING