UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHAKOY GALE,

    Plaintiff,

v.                                      Case No. 4:19cv55-WS-HTC

KIMBERLY GARBER, et al.,

    Defendants.

_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's failure to respond to the Court's April 30, 2020 Order directing him to, within thirty (30) days: "(1) submit an address at which Defendant Terry can be served; (2) file a notice with the court voluntarily dismissing his claim against Terry; or (3) show cause why the claim against Terry should not be recommended for dismissal for failure to effect timely service." ECF Doc. 46. For the reasons set forth below, the undersigned recommends that Terry be dismissed as a defendant in this action for lack of service.

**I.    BACKGROUND**

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed an amended complaint naming eight (8) defendants. ECF Doc. 13. After screening, the undersigned determined the amended complaint was sufficient to be served on

four (4) of the defendants, including Defendant Terry, and recommended the other four (4) defendants be dismissed. ECF Doc. 14, report and recommendation adopted, ECF Doc. 17.

On December 3, 2019, a summons was issued for Terry and served by the USMS on special process servers at Wakulla Correctional Institution ("Wakulla CI"). ECF Doc. 16. On January 9, 2020, the summons was returned unexecuted with a note indicating Terry no longer worked at Wakulla CI. ECF Doc. 23. Thus, on January 15, 2020, the Court ordered the Office of General Counsel for the FDOC to assist in serving Defendant. ECF Doc. 24. In response to the Court's order, the FDOC submitted a notice stating that it would provide a confidential address for Terry directly to the Court. ECF Doc. 35.

Subsequently, on March 9, 2020, the Court directed the FDOC to provide Terry's confidential address directly to the USMS so that the USMS could personally serve Terry at the address, which the FDOC did. ECF Doc. 38. The USMS attempted service at the confidential address on three (3) separate occasions over the course of a 10-day period and was unsuccessful on each occasion. Thus, the summons was returned, once again, unexecuted. ECF Doc. 43.

On April 30, 2020, the Court directed Plaintiff to provide a service address for Terry within thirty (30) days or otherwise show cause why Terry should not be dismissed as a defendant. ECF Doc. 46. Plaintiff was warned that failure to comply

with the Court's order would result in a recommendation that the claim against Terry be dismissed. *Id.* More than thirty (30) days have passed, and Plaintiff has not responded to the Court's order.

## II.   ANALYSIS

Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Richardson v. Johnson*, 598 F.3d 734, 738-40 (11th Cir. 2010). However, the rule also provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284 (11th Cir. 2009). Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Id.* at 1286 (quoting *Lepone-Dempsey v. Carroll Cty. Com'rs.*, 476 F.3d 1277, 1281 (11th Cir. 2007)).

For prisoners proceeding *in forma pauperis*, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). "[T]he failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." *Rance,* 583 F.3d at 1288. In cases

where the *in forma pauperis* plaintiff is a *pro se* prisoner, the Eleventh Circuit has held that, "as long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." *Richardson*, 598 F.3d at 739-40.

As set forth above, the Court and the USMS have exerted reasonable efforts to locate and serve Terry. Thus, good cause existed to extend the time for process beyond ninety (90) days while those efforts were being expended. Now, however, the Court and the USMS have exhausted reasonable efforts, and Plaintiff has failed to provide good cause for further extending the service deadline for Terry for several reasons.

First, Plaintiff did not file any response to the Court's April 30 order seeking an address for Terry or good cause why the claims against Terry should not be recommended for dismissal. Second, Plaintiff's *pro se* status does not constitute good cause for an extension. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (holding a *pro se* litigant's lack of knowledge of service procedures did not constitute good cause for failing to timely perfect service); *Sanders v. Fluor Daniel, Inc.*, *Lowe v. Hart*, 151 F.R.D. 138, 139 (M.D. Fla. 1993) (same), *aff'd*, 36 F.3d 93 (11th Cir. 1994). Third, Plaintiff identified Terry as a defendant almost seventeen (17) months ago. Leaving Terry as a defendant in this action without any indication

that he can be served would prejudice the other defendants, result in a waste of judicial resources, and only delay the resolution of this matter.

Accordingly, it is respectfully RECOMMENDED:

1. That Plaintiff's claims against Defendant Terry be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 4(m).

2. That the clerk be directed to terminate Terry as a defendant in this case.

3. That the case be referred back to the undersigned for further proceedings.

At Pensacola, Florida, this 15th day of June, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.