UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHAKOY R. GALE,

    Plaintiff,

v.                                     Case No. 4:19-cv-55-WS-HTC

DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Defendants Garber and Gaskins' motion for summary judgment (ECF Doc. 56). Plaintiff Shakoy R. Gale did not file a response in opposition to the motion. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon consideration of the motion and relevant law, and for the reasons set forth below, the undersigned recommends the motion be GRANTED and that Defendants Garber and Gaskins be dismissed as defendants in this action.

**I.    FACTS**

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), currently incarcerated at Wakulla Correctional Institutional, brings this action, *pro*

*se* and *in forma pauperis*, against Gaskins[1] and Garber for failing to ensure that the pudding served to the prison population was properly prepared according to the set standards to exclude peanut butter.[2]  ECF Doc. 13 at 7, 8, 15.  The following facts are undisputed:

Plaintiff is highly allergic to peanuts and requires special dietary monitoring. *Id.*  As a result, Plaintiff's FDOC medical file contains his allergy warning, Plaintiff wears an allergy warning medallion when receiving his meals, and a special tray is prepared for Plaintiff when peanuts are used in the meals.  *Id.* at 6; ECF Doc. 56-1 at 21.  Inmates with special dietary needs are provided a medical pass that prescribes special dietary requirements.  ECF Doc. 56-3 at 2.  At mealtime, these inmates provide their inmate ID and their pass to a food service worker, who presents the pass to a diet cook for the preparation of a special tray.  *Id.*

On January 17, 2017, Plaintiff went to the chow hall for dinner.  ECF Doc. 56-1 at 21.  The regular tray for that day included chicken, vanilla pudding, cornbread, black-eyed peas, and rice.  *Id.* at 22.  Plaintiff does not remember whether

---

[1] As an initial matter, Plaintiff has sued Gaskins only in her official capacity.  Claims for monetary damages against FDOC officers, however, are barred by the Eleventh Amendment.  *See McMillian v. Monroe County*, 520 U.S. 781, 785 n.2 (1997); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Nonetheless, the undersigned will address the merits of the claim as to Gaskins as well.

[2] Plaintiff's initial complaint identified eight (8) defendants.  However, on December 16, 2019, the Court dismissed four of the defendants and allowed service on Gaskins, Garber, Terry and Corizon. ECF Docs. 14, 15, 17.  Subsequently, Plaintiff dismissed Corizon and substituted Centurion of Florida, LLC as a defendant.  ECF Docs. 40, 41.  On September 4, 2020, Defendant Terry was dismissed for failure to serve.  ECF Doc. 62.  Additionally, Centurion has filed a motion to dismiss (ECF Doc. 64), which remains pending.

he provided his badge to food services workers that day prior to getting his meal. ECF Doc. 56-1 at 26. Nonetheless, Plaintiff admits that although he could have obtained a special tray, he opted for the "regular tray anyway" because peanut butter was not listed as an ingredient in any of the food item menus. *Id.* Plaintiff also testified that he does not recall seeing a menu posted that day, but that it is possible one was posted, and he did not see it. *Id.* at 24.

After taking a bite of the pudding, Plaintiff suffered an allergic reaction and went into anaphylactic shock, which ultimately required two surgeries and hospitalization. ECF Doc. 13 at 9. Plaintiff alleges there was peanut butter in the pudding. *Id.* at 6. Despite making this allegation, however, Plaintiff admits that he did not actually see peanut butter in the pudding. ECF Doc. 56-1 at 30.

Defendant Garber was employed as the Assistant Food Service Director at Wakulla CI on January 17, 2017. ECF Doc. 56-3 at 1. Meals at the Wakulla CI Main and Annex buildings are prepared and served by inmate staff supervised by food service coordinators. *Id.* at 2. A menu, which contains the menu items served and any menu substitutions, is posted in each facility cafeteria area. *Id.*

The menu for January 17, 2017, included oven fried chicken leg qtr, rice, carrots, bread, pudding, and fortified beverage. ECF Doc. ECF 56-6 at 1. None of those menu items contain peanut butter. However, peanut butter was used as an "approved entrée" substitution that day, meaning that the chicken entrée item may

be substituted with a serving of peanut butter for those individuals whose diet does not include meat or poultry. ECF Doc. 56-3 at 3. An inmate, however, would not receive both the entrée item (i.e. chicken) and peanut butter. *Id.*

All recipes are received from the DOC central office, and substitutes are rare and must be approved. *Id.* Garber did not work at the Annex building or kitchen on January 17, 2017. *Id.* at 3. She did not approve or authorize any changes to the pudding recipe for that day and is not aware of any changes. ECF Doc. 56-3 at 3. The vanilla pudding recipe contains vanilla pudding mix and water; it does not include peanut butter. *Id.*

Defendant Gaskins is employed at the Central Office for the FDOC as the Chief, Bureau of Contract Management. ECF Doc. 56-2 at 1. She never worked at Wakulla CI Main or Annex building on January 17, 2017. *Id.* She was not responsible for supervising and did not supervise any employee or inmate at Wakulla CI on January 17, 2017. *Id.* at 2. She did not authorize and is not aware of any substitutions to the pudding recipe that was made and served at Wakulla CI on January 17, 2017.

Food is prepared by inmates and food service workers. ECF doc 56-1 at 26. Plaintiff does not know who prepared his tray on January 17 or who prepared the food that day. *Id.* at 27.

## II. LEGAL STANDARD

To prevail on a motion for summary judgment, the Defendants must show that Plaintiff has no evidence to support his case or present affirmative evidence that Plaintiff will be unable to prove his case at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If the Defendants successfully negate an essential element of Plaintiff's case, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.* The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 248 (1986). An issue of fact is material if it is a legal element of the claim, under the applicable substantive law, which might affect the outcome of the case. *See id.*; *accord Tipton v. Bergrohr GMBH–Siegen*, 965 F.2d 994, 998 (11th Cir. 1992).

The Court must view all the evidence, and all factual inferences reasonably drawn from the evidence, "in the light most favorable to the non-moving party." *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank*

& Trust Co. v. Fidelity and Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)). The Court is not obliged, however, to deny summary judgment for the moving party when the evidence favoring the nonmoving party is "merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249–50 (citations omitted). "A mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice" to demonstrate a material issue of genuine fact that precludes summary judgment. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (quoting *Anderson*, 477 U.S. at 242). Additionally, "conclusory allegations without specific supporting facts have no probative value" and are legally insufficient to defeat summary judgment. *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) (citations omitted).

As an initial matter, and as stated above, Plaintiff did not file a response in opposition to the Defendants' motion. Plaintiff did not file an opposition even though the Court issued an Order to Plaintiff on August 12, 2020, giving Plaintiff an opportunity to respond to the motion and specifically warning Plaintiff that (1) he has the burden of proof on the elements of his claim; (2) he must dispute or contradict Defendants' arguments with evidence of a substantial nature versus mere denials or legal conclusions; and (3) that evidence filed by Defendants may be accepted as true if Plaintiff does not file contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56. ECF Doc. 57 at 2–3.

Indeed, Plaintiff "cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise show that there are material issues of fact which require a trial." *Shirley v. Sternal*, No. 09-10045-CIV, 2010 WL 6020684, at *5 (S.D. Fla. Aug. 30, 2010), *report and recommendation adopted*, No. 09-10045-CIV, 2011 WL 855273 (S.D. Fla. Mar. 9, 2011) (citing Fed. R. Civ. P. 56(e)).  Additionally, even though the Court is obligated to liberally interpret a *pro se* litigant's complaint, 'a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### III.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants have moved for summary judgment on several grounds, including failure to present evidence to establish a violation under the Eighth Amendment and qualified immunity.  Because the undersigned finds, as a matter of law, that Plaintiff has failed to present any evidence showing that Defendants violated his rights under the Fifth, Eighth or Fourteenth Amendments; the undersigned finds it unnecessary to address the other grounds raised.

### A. Plaintiff's Eighth Amendment Claim Fails to State a Claim on Which Relief Can be Granted.

In his amended complaint, Plaintiff alleges he "was subjected to the unnecessary wanton infliction of pain due to the deliberate indifference to his serious medical condition when [defendants] failed to ensure that recipes for menu items were being properly adhered to." ECF Doc. 13 at 6. To state a constitutional violation under the Eighth Amendment for deliberate indifference to a serious medical need, Plaintiff must show (1) a serious medical need, (2) the Defendants' deliberate indifference to that need, and (3) causation between that indifference and Plaintiff's injury. *Denham v. Corizon Health, Inc.*, 675 F. App'x 935, 940 (11th Cir. 2017). Plaintiff must satisfy both an objective and subjective inquiry. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).

Under the objective component, Plaintiff must set forth evidence of an objectively serious need or risk of harm. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). Defendants do not dispute that Plaintiff's peanut allergy is a serious medical need.

To establish the subjective component, Plaintiff must present evidence to establish that the prison officials acted with deliberate indifference to that serious need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish deliberate indifference, Plaintiff must make the following sub-showings as to each defendant: (1) the defendant has subjective knowledge of the risk of serious harm; (2) the

defendant disregarded that risk; and (3) the defendant's conduct rose to more than mere negligence. *Farrow*, 320 F.3d at 1245. A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "The official must both be aware of facts from which the inference could be drawn . . . and he must also draw that inference." *Id.* Deliberate indifference requires the defendant to have a subjective "state of mind more blameworthy than negligence," closer to criminal recklessness. *Id.* at 835.

Plaintiff, however, has failed to present any evidence to show that these Defendants acted with deliberate indifference. As stated above, it is undisputed that neither Defendant was personally involved in making the food at issue, approving any substitutions or preparing Plaintiff's tray on January 17, 2017. Indeed, it is undisputed that Defendants did not work at Wakulla CI on that day.

Given the complete lack of evidence from the Plaintiff that Gaskins or Garber were personally involved in causing peanut butter to be included in his food items (if in fact it was), for Defendants to be liable for a constitutional violation in their supervisory roles, Plaintiff must show "a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (noting that a supervisory official is only liable "when the supervisor personally participates in the alleged unconstitutional conduct or when there is a casual connection").

To establish a causal connection, Plaintiff must present evidence to show that: (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so"; (2) "the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights"; or (3) "facts support[ing] an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Douglas v. Yates*, 535 F.3d 1316, 1322. "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).

Plaintiff has failed to present any evidence to make these showings. First, there is no evidence, much less any allegation, that peanut butter was in the pudding prior to the January 2017 incident. Thus, there is no evidence of a widespread abuse. Second, Plaintiff has not presented any evidence, much less any allegation, that there was a custom or policy in place that resulted in peanut butter getting into the pudding. To the contrary, Plaintiff alleges that Defendants violated FDOC policy by putting peanut butter in the pudding. However, "a defendant's violation of a prison rule does not, in and of itself rise to the level of a constitutional violation." *Newton v. Pardon*, No. 5:15CV191/LC/CJK, 2015 WL 6692196, at *2 (N.D. Fla. Sept. 28, 2015), *report and recommendation adopted*, No. 5:15CV191/LC/CJK,

2015 WL 6681183 (N.D. Fla. Nov. 2, 2015); *see also Sandin v. Conner*, 515 U.S. 472, 481–82 (noting that prison regulations are not intended to confer rights on inmates but are merely designed to guide corrections officials in their administration).

Third, there is no dispute that neither Gaskins nor Garber was supervising others in making the food at issue at Wakulla CI on January 17, 2017. In Plaintiff's deposition, he testified that the only reason he alleged that Garber was the supervisor that day was because she responded to his grievance. ECF Doc. 56-1 at 27. At best, Gaskins supervised the creation of the standard menu for the FDOC prisons. ECF Doc. 56-2 at 1. However, it is undisputed that the standard menu items did not include peanut butter, and peanut butter was not an approved substitution for any ingredient in any recipe on the regular food tray.

Finally, Defendants are entitled to summary judgment because even if the Court were to find that Plaintiff presented evidence to establish a causal connection, Plaintiff has no evidence to show a constitutional violation occurred. The crux of Plaintiff's complaint is that he suffered an allergic reaction from peanut butter, which he contends was in the pudding. Although Defendants do not dispute that Plaintiff suffered some form of an allergic reaction, they do dispute that it was from peanut butter and further dispute that peanut butter was in the pudding. The Court, however, does not need to resolve those factual disputes because even assuming

someone in the kitchen somehow got peanut butter in a regular food tray, the act does not rise to the level of deliberate indifference. At best, it merely shows that someone in the kitchen may have been negligent. *See Holt v. N.W.F.R.C. Annex*, No. 5:12CV214/MMP/EMT, 2012 WL 4758369, at *3 (N.D. Fla. Aug. 14, 2012), *report and recommendation adopted sub nom. Holt v. Doss*, No. 5:12-CV-00214-MP-EMT, 2012 WL 4746162 (N.D. Fla. Oct. 4, 2012) (holding that a prisoner who was unintentionally misinformed that the rice did not contain onions and suffered an allergic reaction as a result could only establish negligence and not a constitutional violation); *Walker v. Nurse Practitioner Streetman*, No. 5:15CV335/MMP/EMT, 2016 WL 5799029, at *5 (N.D. Fla. Aug. 5, 2016), *report and recommendation adopted sub nom. Walker v. Jackson Corr. Inst.*, No. 5:15-CV-00335-MP-EMT, 2016 WL 5799022 (N.D. Fla. Oct. 3, 2016) (holding that a nurse practitioner who prescribed prisoner medication without first testing whether the prisoner was allergic to the medication could "not plausibly suggest deliberate indifference" but rather, "at most, it suggests negligence").

Moreover, Plaintiff admits that he could have received a special tray but opted for a regular tray instead. ECF Doc. 56-1 at 21. He admits that he may not have used the badge process that day. Thus, this is not a situation where the Defendants or any prison official knew Plaintiff had a peanut butter allergy and intentionally gave him the wrong tray or were "reckless" in failing to prevent him from taking the

wrong tray. Accordingly, no reasonable juror could find, based on the undisputed facts presented, that Defendants violated Plaintiff's Eighth Amendment rights.

### B.     Fifth and Fourteenth Amendment Claims

In his amended complaint, Plaintiff also claims Defendants violated his Fifth and Fourteenth Amendment rights. Plaintiff's claim of deliberate indifference, however, is one only under the Eighth Amendment.[3] *See Edwards v. Gilbert*, 867 F.2d 1271, 1274 (11th Cir. 1989) (holding that, if an inmate is entitled to protection under the Eighth Amendment, "then [he] is afforded 'no greater [substantive] protection' by the due process clause" (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986))). In other words, "where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim." *Oliver*, 510 U.S. at 266 (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) (internal quotations omitted). Thus, judgment should also be entered in favor of Defendants as to the Fifth and Fourteenth Amendment claims.

---

[3] If Plaintiff were a pretrial detainee, then his Eighth Amendment claim would fall under the Fourteenth Amendment. *See Dang ex rel Dang. V. Sheriff, Seminole Cty, Fla.*, 871 F.3d 1272, 1279 (11th Cir. 2017).

Case No. 4:19-cv-55-WS-HTC

## IV. CONCLUSION

Accordingly, it is respectfully RECOMMENDED:

1. Defendants' motion for summary judgment (ECF Doc. 56) be GRANTED.

2. Garber and Gaskins be terminated as Defendants in this action.

At Pensacola, Florida, this 22nd day of October, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**